# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARLES BOWLDS, )
)
    Plaintiff, )
)
v. ) Case No. CIV-19-726-SLP
)
TURN KEY HEALTH, et al., )
)
    Defendants. )

## O R D E R

Plaintiff, a pro se litigant, filed a complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of his pretrial detention at the Logan County Detention Center (LCDC). Plaintiff names as defendants LCDC and Turn Key Health, a medical provider for LCDC. Plaintiff alleges he has been denied access to dental treatment and has suffered acute pain as a result.[1]

Pursuant to the Court's Order of Referral [Doc. No. 4], on November 4, 2019, Magistrate Judge Shon T. Erwin issued a Report and Recommendation [Doc. No. 13]. Conducting the screening of the Complaint required by 28 U.S.C. § 1915A(a), the Magistrate Judge recommended that the Court dismiss with prejudice the claim against LCDC for failure to state a claim upon which relief may be granted as LCDC is not a legal entity capable of being sued. Magistrate Judge Erwin further recommended the claim

---

[1] *See generally Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980) (The State's obligation to provide inmates medical care, includes dental care, and the "level of [such] care [must be] reasonably designed to meet the routine and emergency health care of inmates." (citations omitted)).

against Turn Key Health be dismissed without prejudice because Plaintiff failed to allege any policy or custom of Turn Key Health which caused the alleged deprivation of dental care.

Plaintiff has filed an Objection [Doc. No. 15] to the Report and Recommendation.[2] Plaintiff concedes that LCDC is not a legal entity capable of being sued under § 1983. *See id.* at 2; *see also Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007). Thus, the Court dismisses with prejudice Plaintiff's claim against LCDC.

Plaintiff, however, seeks leave to amend his Complaint to name additional defendants – specifically, Sheriff Damon Devereaux, Jail Administrator; Randy Lester, Shift Supervisor; and Lieutenant Andrew Lindsey. He claims these Defendants responded to grievances he submitted and each advised him that no dental appointment would be provided, notwithstanding his complaints of acute pain. Sheriff Devereaux responded by advising Plaintiff he did not have any infection, but an exposed nerve and as uncomfortable as his condition may be, it was not life threatening. Randy Lester told Plaintiff he had received all the medical treatment he was entitled to, unless his situation got worse. And Lieutenant Lindsey advised Plaintiff that his condition was "pre-existing" and neither

---

[2] The Report and Recommendation advised Plaintiff he had until November 21, 2019 within which to file any objection. On November 14, 2019, Plaintiff requested from the Clerk of Court a copy of one of his prior filings and a form complaint so that he could submit a proposed amendment to the Complaint. Plaintiff then filed his Objection on December 3, 2019. In his Objection, Plaintiff seeks leave to cure certain deficiencies in his Complaint and attaches to his Objection the proposed amended complaint. Although Plaintiff's Objection is untimely, under the circumstances, the Court sua sponte extends the objection deadline and deems the Objection timely filed.

medical nor the jail were required to provide treatment.[3]  Although Plaintiff did not specifically list each of these individuals as defendants, each individual was identified within the Complaint and all of the above allegations were included in the Complaint.  *See* Compl. [Doc. No. 1] and Supporting Facts [Doc. No. 1-1].  As such, the Court finds Plaintiff should be granted leave to amend to specifically name as Defendants Sheriff Damon Deveraux, Jail Administrator; Randy Lester, Shift Supervisor; and Lieutenant Andrew Lindsey.  *See, e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (pro se litigants should be given the opportunity to remedy defects in their pleadings or state a claim for relief).

As noted, Plaintiff further objects to the Magistrate Judge's finding that he has failed to state a plausible claim for relief against Defendant Turn Key Health.  The Magistrate Judge found that Plaintiff had failed to allege any policy or custom of Turn Key Health which caused the alleged deprivation of his constitutional rights.  *See, generally, Monell v. N. Y. City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978).

---

[3] The Court recognizes, as a general rule, that the denial of a grievance alone does not give rise to § 1983 liability.  *See, e.g., Requena v. Roberts*, 893 F.3d 1195, 1216 (10th Cir. 2018) (The "mere response and denial of [an inmate's] grievance are insufficient to establish the requisite personal participation under § 1983.").  Here, however, construed in the light most favorable to Plaintiff, the denials of Plaintiff's grievance submissions appear to be connected to the alleged constitutional violation, i.e., delay and denial of dental treatment.  *Cf. Womble v. Harvanek*, 739 F. App'x 470, 474 (10th Cir. 2017) (distinguishing a prison official's "summary denial of a grievance" from a prison official's direct involvement in the constitutional violation through the denial of the grievance, i.e., the prison official denied the prisoner's request for uncontaminated water and told the prisoner to drink the water in his cell); *Brooks v. Colorado Dep't of Corrs.*, 715 F. App'x 814, 821 (10th Cir. 2017) (distinguishing prison official's mere "rubber-stamp" denial of a grievance and finding fact that prison official's decision to deny inmate's request for a special meal pass "came in the denial of a grievance" was of no consequence as affirmative link existed between the denial of the grievance and the alleged constitutional violation).

Plaintiff disagrees and references the following allegations in his Complaint: "The provider informed the Plaintiff that regardless to his pain, "Policy," required that the Plaintiff complete three "treatments" of two medications before being considered to see a dentist. (The three "treatments" are "prescriptions" of Ibuprofen and Amoxicillin, which could take up to ninety days to complete)." *See* Obj. at 9; *see also* Compl., Supporting Facts [Doc. No. 1-1]. Plaintiff contends this policy required him to wait ninety-days before even being seen by a dentist, notwithstanding the pain he was suffering. The Court finds these allegations sufficiently identify a policy or custom that plausibly supports a claim for § 1983 relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court finds distinguishable the case relied upon by the Magistrate Judge, *Autry v. Cleveland Cty. Sheriff's Dep't.*, No. CIV-15-1167-D, 2018 WL 719044 at *9 (W.D. Okla. Feb. 5, 2018) (unpublished op). In that case, the court found "only conclusory allegations that an inadequate policy of Turn Key regarding medical care of CCDC inmates existed" and that the plaintiff "failed to identify a particular policy or practice of Turn Key that was deficient . . . ." *Id*. Conversely, here, Plaintiff identifies the policy or custom at issue.

IT IS THEREFORE ORDERED that the Court ADOPTS IN PART the Report and Recommendation and dismisses with prejudice Plaintiff's claim against LCDC.

IT IS FURTHER ORDERED that the Court DECLINES TO ADOPT the Report and Recommendation as to the recommendation that Plaintiff's claim against Defendant Turn Key Health be dismissed without prejudice for failure to state a claim. The Court

4

finds Plaintiff has included allegations to sufficiently identify a policy or custom that plausibly supports a claim for § 1983 relief.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend the Complaint. Plaintiff shall file the Amended Complaint [Doc. No. 15-1], attached to his Objection, within 14 days of the date of this Order.

This matter is re-referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED this 5th day of December, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE