# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES BOWLDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-726-SLP ) |
| TURN KEY HEALTH, et al., | ) ) |
| Defendants. | ) ) |

## O R D E R

Plaintiff is a pretrial detainee at the Logan County Detention Center (LCDC) and appears pro se and in forma pauperis. He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights arising out of his pretrial detention. Upon referral and pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation [Doc. No. 21] recommending dismissal of Plaintiff's Amended Complaint [Doc. No. 19] pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a). Plaintiff has filed an Objection [Doc. No. 24]. Upon de novo review, the Court declines to adopt the Report and Recommendation and re-refers the matter to the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## I.   Governing Standard

The same standard governing motions to dismiss brought pursuant to Rule 12(b)(6) applies to dismissals under §§ 1915(e)(2)(B) and 1915A(a). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotation omitted). In making this assessment, this court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Id*. (quotations omitted). Because Plaintiff is appearing pro se, his allegations must be construed liberally. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

## II. Factual Allegations of the Amended Complaint

Plaintiff alleges that on April 1, 2019, he filed a request to the medical health care provider "complaining of two teeth causing acute pain." *See* Am. Compl. at 9. Plaintiff was told he must complete "three 'treatments' of two medications" – Ibuprofen and Amoxicillin – before he could see a dentist. *Id*. According to Plaintiff this treatment could take up to ninety days to complete.

Thereafter, a small piece of Plaintiff's tooth broke off and "the pain intensified" because more of the nerve was exposed. *Id*. He then sought assistance from the nurse on duty and she gave Plaintiff an oral analgesic and a nerve pain medicine. *Id*. In response to the medication, Plaintiff suffered an extreme headache. He reported this to the nurse and the medication was discontinued. *Id*.

The shift nurse then advised Plaintiff of "several treatment options." First, Plaintiff was told that if his family would pay for a dental appointment, the jail administration would take him to the appointment. *Id*. Also, Plaintiff was advised that his family could provide a "tooth filler medication." *Id*. at 8-9. Plaintiff alleges he did not have the means to pay for a dental visit or family that could provide the medication. *Id*. at 9.

Consequently, Plaintiff sought additional administrative relief. On May 22, 2019, Plaintiff submitted a request to staff to the jail administrator, Defendant Randy Lester and the Sheriff, Defendant Damon Devereaux. *Id*. In response, Defendant Devereaux told him that because his dental issue did not involve an infection, but rather an exposed nerve, it was not life threatening. *Id*. On May 30, 2019, Defendant Randy Lester advised Plaintiff that the Sheriff had responded and the dental treatment Plaintiff received was "as far as we can go unless the situation gets worse." *Id*. On June 17, 2019, Defendant Andrew Lindsey advised Plaintiff that his tooth was a "pre-existing condition that neither medical or the jail is obligated to treat." *Id*. He was advised that if he could afford an extraction, he would be scheduled to see a doctor and transported to the doctor. *Id*.

### III. <u>Discussion</u>

Plaintiff's claim is one of deliberate indifference to his serious dental needs. *See generally, Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980) (recognizing that the Eighth Amendment creates an obligation on the part of prison officials to provide inmates with a "level of medical care which is reasonably designed to meet the routine and emergency health care needs of inmates" and that this obligation includes the provision of dental care).

As a pretrial detainee, Plaintiff's claims are governed by the Fourteenth Amendment's Due Process Clause. *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). The Tenth Circuit continues to evaluate such claims applying "an analysis identical to that applied in Eighth Amendment cases." *Id.*; *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." (citation omitted)).[1]

"The Supreme Court has established a two-prong test for deliberate indifference claims. Under this test, a plaintiff must satisfy an objective prong and a subjective prong." *McCowan*, 945 F.3d at 1291 (quotation omitted). The objective prong is met "if the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Id.* (quotation omitted).

The basis for recommended dismissal by the Magistrate Judge focused on the objective component of Plaintiff's deliberate indifference claim. The Magistrate Judge found Plaintiff's alleged ongoing tooth pain was not sufficiently serious to implicate his constitutional rights. *See* R&R at 6. In support, the Magistrate Judge relied on two decisions of this district court and one decision of the Colorado district court. *See id.* The

---

[1] The Tenth Circuit has yet to decide whether *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015) alters this analysis. *See Burke*, 935 F.3d at 991, n. 9; *see also McCowan v. Morales*, 945 F.3d 1276, 1291 n. 12 (10th Cir. 2019) (declining to decide issue but noting that "a claim of deliberate indifference to serious medical needs by its very terminology seems to require both a subjective and objective test" and applying the two-prong test where the parties did not address the impact of *Kingsley*). Because here, as in *McCowan*, the parties do not address *Kingsley* the Court applies the Eighth Amendment deliberate indifference standard.

Court finds the two cases cited from this judicial district inapposite. One case is cited for the proposition that pain (i.e., a headache) resulting from the temporary side-effects of medication does not rise to the level of a serious medical need. *See* R&R at 6 (citing *Lewis v. Lane*, No. CIV-14-202-D, 2014 WL 3778842 at *6 (W.D. Okla. July 31, 2014) (unpublished op.)). Here, Plaintiff's claim relates to the pain he suffered due to the denial of dental treatment, not pain resulting from the side-effects of medication. Although Plaintiff does state the medication he was provided for his tooth pain caused him to suffer a headache and, therefore, was discontinued, his claim is not based on the headache.

The next case is cited for the proposition that a broken tooth and related pain do not constitute a sufficiently serious medical need. *See id.* (citing *Bailey v. Cogburn*, No. CIV-08-1003-HE, 2009 WL 666955 at *7 (W.D. Okla. Mar. 11, 2019) (unpublished op.). But upon further examination, the court's ruling was made in the context of a motion for summary judgment on a fully developed factual record. The record in that case demonstrated the plaintiff had been treated by a dentist on numerous occasions, had complained of pain associated with his teeth on only two occasions, had not been denied access to a dentist and none of the defendants had knowledge of any pain about which the plaintiff complained.

The third case from the District of Colorado is cited for the proposition that allegations of ongoing tooth pain are insufficient to satisfy the objective component of a deliberate indifference claim. *See id.* (citing *Sayed v. Broman*, No. 13-CV-02961-CMA-MJW, 2015 WL 1539772 at *2 (D. Colo. Mar. 31, 2015) (unpublished op.), *aff'd*, 638 F.

5

App'x 698 (10th Cir. 2016)). There the court found allegations that the prisoner was "diagnosed as needing additional dental care, including possibly tooth extractions and fillings," and that the prisoner suffered from "excruciating tooth pain" were insufficient "to provide a reasonable basis from which to infer, that [the prisoner] need[ed] dental care *within the year*." *Id*. at *2 (emphasis in original). The court's findings suggest the place of the prisoner's incarceration provided dental visits as the court noted that the prisoner's allegations did "not suggest that annual dental checks-ups are inadequate to the task, much less constitutionally inadequate." *Id*. Plaintiff, however, has alleged facts to show that no dental care would be provided to him at LCDC.

Liberally construing plaintiff's pro se allegations, the Court finds he has alleged sufficient facts to support the objective component of a claim of deliberate indifference to his dental needs. In this regard, the Court finds Plaintiff has alleged more than a mere disagreement with a prescribed course of treatment. *See McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). The treatment Plaintiff did receive was ineffective and he was told he would not receive further treatment unless his situation got worse. He was also told the LCDC was not obligated to provide any treatment.

While dental problems do not automatically satisfy the objective component, the Tenth Circuit considers dental care to be one of a prisoner's "most important medical needs." *Ramos*, 639 F.2d at 574 ("Prisoners generally have more extensive dental problems than the average citizen. Consequently dental care is one of the most important

6

medical needs of inmates."). Moreover, as the Tenth Circuit has recently reiterated, the objective component is satisfied where a prisoner alleges unnecessary pain associated with delay in receiving medical care. *McCowan*, 945 F.3d at 1291 (officer's delay in getting prisoner to detention center which resulted in several hours of excruciating pain associated with his shoulder injury was sufficient to satisfy the objective prong of the deliberate indifference test) (citing *Mata v. Saiz*, 427 F.3d 745. 755 (10th Cir. 2005) ("A prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused . . . unnecessary pain . . . . Even a brief delay may be unconstitutional."); *Sealock v. Colo.*, 218 F.3d 1205, 1210 n.5 (10th Cir. 2000) (noting that, although defendant prison official did not cause inmate's heart attack, "there is factual evidence from which a jury could conclude that the delay occasioned by his inaction unnecessarily prolonged appellant's pain and suffering")); *see also Stack v. McCotter*, 79 F. App'x 383, 389 (10th Cir. 2003) ("Under circuit precedent, pain itself can be considered substantial harm resulting from delay, giving rise to a cause of action for deliberate indifference.").

At the dismissal stage, Plaintiff has alleged pain associated with his need for and delay or denial in receiving dental treatment that is sufficiently serious to implicate his constitutional rights and any skepticism about the level of his pain is more properly addressed on a more sufficiently developed record. *Cf. Perotti v. Serby*, 786 F. App'x 809, 814-15 (10th Cir. 2019) (addressing prisoner's affidavit and other evidence as to the pain he suffered and noting that when pain "lasts hours or days prior to treatment, the condition may be considered sufficiently serious") (citations omitted). The Tenth Circuit has

7

recognized conditions similar to those about which Plaintiff complains as creating a reasonable inference of an objectively sufficiently serious dental condition. *See, e.g., Brooks v. Colo. Dep't of Corr.*, 715 F. App'x 814, 822 (10th Cir. 2017) (neglect in providing dental care for several months where plaintiff suffered from a cracked tooth with "exposed nerves, resulting in great pain" "could lead a reasonable fact-finder to conclude that [the medical provider] had turned a blind eye to a sufficiently serious dental condition"); *Fresquez v. Minks*, 567 F. App'x 662, 667-68 (10th Cir. 2014) (finding there could be a sufficiently serious dental condition where the plaintiff had "broken teeth to the roots/nerves with chronic pain and suffering," and was without treatment, despite health care employees' awareness of his injury); *see also Hauschulz v. Bourbon Cty. Bd. of Comm'rs*, No. CIV. A. 04-3475-KHV, 2006 WL 1675907 at *7 (D. Kan. June 14, 2006) (unpublished op.) (noting that "[t]he law does not require an inmate's tooth be abscessed or infected before a lost filling can be considered a serious medical condition" and finding that based on plaintiff's repeated complaints of pain, six-week delay in receiving treatment created a triable issue of fact as to whether defendants violated his Eighth Amendment rights).

The Court emphasizes that its findings are directed only at whether Plaintiff's allegations plausibly state a claim for relief under the objective component of his deliberate indifference claim. Whether Plaintiff will ultimately be able to satisfy this burden remains for determination. The Magistrate Judge did not assess the sufficiency of Plaintiff's

allegations regarding the subjective prong of the deliberate indifference claim and, therefore, the sufficiency of those allegations is not an issue presently before the Court.

IT IS THEREFORE ORDERED that the Court DECLINES to ADOPT the Report and Recommendation [Doc. No. 21] as the Court deems Plaintiff's allegations sufficient to state a plausible claim of an objectively sufficiently serious dental need. The Court re-refers this matter to the Magistrate Judge for further proceedings.

IT IS SO ORDERED this 13th day of February, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE