# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES BOWLDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-726-SLP ) |
| TURN KEY HEALTH, et al., | ) ) |
| Defendants. | ) |

## O R D E R

Plaintiff is a pretrial detainee at the Logan County Detention Center (LCDC) and appears pro se and in forma pauperis. He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights arising out of his pretrial detention. Upon referral and pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation [Doc. No. 31] recommending that the Court deny Plaintiff's Motion for Preliminary Injunction [Doc. No. 25]. Plaintiff has filed an Objection [Doc. No. 32]. Upon de novo review, the Court adopts the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff's request for injunctive relief is governed by Rule 65 of the Federal Rules of Civil Procedure. Pursuant to Rule 65(a), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Similarly, Rule 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"

and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65.

As the Magistrate Judge found, Plaintiff's Motion does not demonstrate compliance with the procedural safeguards of Rule 65. Plaintiff's Motion does not include a certificate of service reflecting service of the Motion on Defendants and does not otherwise satisfy the requirements contained in Fed. R. Civ. P. 65. Furthermore, the Complaint has not yet been served on any named Defendant. Thus, Plaintiff has not provided notice to the adverse parties nor has he provided a statement as to why service should not be required. Plaintiff's statement in the Objection that he "has no attorney" is insufficient as pro se plaintiffs are held to the same rules of procedure which apply to other litigants. *Goldwyn v. Donahoe*, 562 F. App'x 655, 658 (10th Cir. 2014) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see also United States v. Foster*, 4 F. App'x 605, 607 (10th Cir. 2001) ("[T]he Federal Rules of Civil Procedure apply equally to pro se and counseled litigants."). For these reasons, the Court concurs with the Magistrate Judge that the Motion should be denied at this time.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 31] is ADOPTED and Plaintiff's Motion for Preliminary Injunction [Doc. No. 25] is DENIED.

IT IS SO ORDERED this 26th day of March, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE