IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES BOWLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-726-SLP |
| | ) |
| TURN KEY HEALTH, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, appearing pro se and in forma pauperis, is a pretrial detainee and brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Before the Court is the Report and Recommendation (R&R) [Doc. No. 75] of United States Magistrate Judge Shon T. Erwin recommending that Defendant Turn Key Health's Motion to Dismiss [Doc. No. 57] be granted.

Plaintiff timely filed an Objection [Doc. No. 77] to the R&R. Plaintiff challenges the finding of the Magistrate Judge that he has not plausibly alleged facts demonstrating the subjective component of his claim of deliberate indifference to his serious medical needs. Accordingly, the Court must make a de novo determination of the portions of the R&R to which objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).[1]

---

[1] Defendant Turn Key has not objected to any findings of the Magistrate Judge.

I.     **Governing Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotation omitted). In making this assessment, this court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Id*. (quotations omitted).  Because Plaintiff is appearing pro se, his allegations must be construed liberally. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

II.    **Factual Allegations of the Amended Complaint**

Plaintiff is a pretrial detainee at the Logan County Detention Center (LCDC). Defendant Turn Key Health Clinic, LLC (Turn Key), provides medical care for detainees at LCDC.  Plaintiff alleges that on or about April 1, 2019, he submitted a request to Turn Key "complaining of two teeth causing acute pain."  Am. Comp. [Doc. No. 19] at 9. Plaintiff alleges he was informed by the provider that "regardless to [sic] his pain, 'policy' required that [he] complete three 'treatments' of two medications before being considered to see a dentist (the three treatments are 'prescriptions' of Ibuprofen and Amoxicillin, which could take up to ninety days to complete.)." *Id*.

Plaintiff further alleges that "his pain intensified after a small piece of the Plaintiff's tooth broke off exposing more of the nerve root." *Id*.  The nurse on duty gave him "an oral

analgesic and a nerve pain medicine." *Id*. The medicine, however, was discontinued because it gave Plaintiff a headache. *Id*.

Another nurse, Debbie, "advised the Plaintiff of several treatment options, if the Plaintiff was 'serious about stopping the pain.'" *Id*. The nurse told Plaintiff that if his family would pay for a dental appointment, the jail administrator would take him to the appointment. *Id*. Alternatively, his family could drop of "a tooth filler medication." *Id*. Plaintiff alleges he does not have the family means to either pay for a dental visit or have family drop off medication. *Id*. at 10. Plaintiff alleges he made further requests for dental treatment but was denied the same.

### III.  Discussion

"The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Crowson v. Wash. Cty.*, 983 F.3d 1166, 1178 (10th Cir. 2020) (internal quotation marks and citation omitted). The two-part Eighth-Amendment inquiry governs. *Id*. Objectively, the deprivation must be sufficiently serious "to constitute a deprivation of a constitutional dimension"; and (2) subjectively, a prison official must know of and disregard an excessive risk to inmate health or safety. *Strain v. Regalado*, 977 F.3d 984, 990 (10th Cir. 2020). As set forth, only the subjective component is at issue.

Liability against Defendant Turn Key is based on a municipal liability theory under *Monell*.[2] To state a claim against Turn Key, Plaintiff "must allege facts showing: (1) an

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Turn Key acknowledges in its Motion that under § 1983, the *Monell* theory of municipal liability applies to private entities acting under color of state law. *See* Def.'s Mot. at 18-24; *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 &

official policy or custom, (2) causation, and (3) deliberate indifference." *Quintana v. Santa Fe Cty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020).

The Magistrate Judge found Plaintiff had plausibly alleged facts satisfying the first and second elements. *See* R&R at 6-7. As noted, Turn Key filed no objections to those findings and the Court concurs with the Magistrate Judge's findings.[3]

The only issue before this Court, pursuant to Plaintiff's Objection, is the third element – deliberate indifference. The Magistrate Judge found that to satisfy this element, "Plaintiff must allege facts to demonstrate that a Turn Key employee, acting pursuant to a Turn Key policy or custom, knew of and disregarded an excessive risk to inmate health or safety." R&R at 9 (internal quotation marks and citation omitted). The Magistrate Judge then focused on whether either of the two Turn Key employees identified in the Amended Complaint acted with deliberate indifference. The Magistrate Judge determined that both Turn Key providers "treated" Plaintiff's pain and that Plaintiff's allegations demonstrate a mere "disagreement with the type of treatment he received." R&R at 10.[4]

---

n. 13 (10th Cir. 2003) (recognizing that the Tenth Circuit "has extended the *Monell* doctrine to private § 1983 defendants").

[3] Moreover, the Court previously determined that Plaintiff had plausibly alleged the violation of a policy for purposes of *Monell* liability. *See* Order [Doc. No. 16]. In addition, the Court previously determined Plaintiff alleged facts sufficient to plausibly demonstrate the objective component of a deliberate indifference claim. *See* Order [Doc. No. 26]; *see also Lance v. Morris*, -- F.3d --, 2021 WL 162343 at * 8 (10th Cir. Jan. 19, 2021) (reiterating controlling law "which establishes that a delay in providing medical care may be sufficiently serious if the delay leads to substantial pain" and providing as an example the delay of two hours to treat shoulder pain "even though the pain wasn't life-threatening" (citing *McCowan v. Morales*, 945 F.3d 1276, 1293-94 (10th Cir. 2019)).

[4] The Tenth Circuit recently observed that: "[t]o be sure, whether [Plaintiff] received some care *does not foreclose the possibility of a deliberate indifference claim*, but an individual who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional

The Magistrate Judge focused on the one-time care provided by each nurse and whether their individual conduct constituted deliberate indifference. However, "municipal liability under *Monell* may exist without individual liability." *Quintana*, 973 F.3d at 1033 (citing *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 310 (10th Cir. 1985) ("*Monell* does not require that a jury find an individual defendant liable before it can find a local governmental body liable")); *see also Crowson*, 983 F.3d at 1192 (recognizing that even if health care providers "[do] not violate the Constitution individually, . . . their *combined* acts may be sufficient for *Monell* liability such that [a plaintiff] still has a claim for municipal liability irrespective of whether [an individual health care provider] violated his rights"; distinguishing between claims against a county premised on "systemic failure" and claims dependent upon a "predicate violation" by an individual defendant. (citation omitted; emphasis in original)).

Here, Plaintiff's claim against Turn Key is premised on allegations that "per policy" no further treatment would be provided until the expiration of the initial 90-day treatment regime or unless he were to pay for treatment himself. Plaintiff alleges the treatment regime was ineffective as he was in acute pain due to a cracked tooth and an

---

violation." *Strain*, 977 F.3d at 994. *Id.* (emphasis added). The Court previously determined that for purposes of the sufficiency of Plaintiff's allegations, Plaintiff has alleged facts showing more than a mere disagreement with the prescribed course of treatment. *See* Order [Doc. No. 26] at 6. In this regard, the Court notes that where a medical professional serves as a gatekeeper for other medical personnel capable of treating the condition, liability may attach for deliberate indifference from denying access to medical care. *Crowson*, 983 F.3d at 1179. Here, Plaintiff plausibly alleges facts to "support[] the notion that [his] condition of [tooth pain] was so obvious that [the nurses] should have recognized it and escalated the course of treatment accordingly." *Strain*, 977 F.3d at 994.

5

exposed nerve root.  And Plaintiff alleges he did not have the financial means to pay for any treatment.  These facts are sufficient to withstand dismissal.  *Compare Lance*, 2021 WL 162343 at *12 (concluding, in context of summary judgment ruling, that factfinder could reasonably infer county's deliberate indifference based on policy which "delayed needed treatment from a specialist").

"Of course, [the Court] cannot determine from the face of the [Amended Complaint] whether [Plaintiff] will be able to substantiate [his] *Monell* claim.  But a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.  "[G]iven the low threshold . . . for surviving a motion to dismiss – [Plaintiff] alleged enough to explore [his] *Monell* claim in the discovery process."  *Quintana*, 973 F.3d at 1034 (citations omitted). Accordingly, the Court finds Plaintiff's Amended Complaint plausibly alleges a *Monell* claim against Turn Key.

IV.  **Conclusion**

IT IS THEREFORE ORDERED that the Court DECLINES to ADOPT the Report and Recommendation [Doc. No. 75] and the Motion to Dismiss of Defendant Turn Key Health Clinic, LLC [Doc. No. 57] is DENIED.

IT IS SO ORDERED this 2nd day of February, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE