IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES R. BOWLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-726-SLP |
| | ) |
| (1) TURN KEY HEALTH; | ) |
| (2) DAMON DEVEREAUX; | ) |
| (3) RANDY LESTER; and | ) |
| (4) ANDREW LINDSEY, | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF TURN KEY HEALTH CLINICS, LLC**

COMES NOW Defendant Turn Key Health Clinics, LLC (hereinafter "Defendant" or "Turn Key") and by and through its counsel of record, and for its Answer to Plaintiff's Amended Complaint (Doc. 19), states as follows:

1.  Defendant denies generally and specifically each and every material allegation contained in the Plaintiff's Amended Complaint (Doc. 19), except such allegations as are hereinafter specifically admitted.

2.  With regard to the allegations set forth in Sections I, II, and III of Plaintiff's Amended Complaint (Doc. 19), Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein; therefore, such allegations are denied.

3.  With regard o Section IV of Plaintiff's Amended Complaint (Doc. 19), Defendant admits that it contracts with the Logan County Sheriff's Office to provide

1

medical care to inmates housed at the Logan County Detention Center. The remaining allegations contained in this Section of Plaintiff's Amended Complaint (Doc. 19) are not directed at this Defendant; thus, no answer is called for.

4. With regard to the allegations contained in the "Claims" Section of Plaintiff's Amended Complaint (Doc. 19, pp. 6-10), Defendant admits that a patient by the name of Charles Bowlds was treated by medical staff at the Logan County Detention Center. Defendant denies all remaining allegations contained therein. Defendant affirmatively states that the medical and facility records for Plaintiff set forth the care and treatment in this case. To the extent that any allegation contained in the "Claims" Section of Plaintiff's Amended Complaint conflicts with those records, or with what actually occurred, such allegations are denied generally and specifically. Defendant further denies all allegations of constitutional violation, negligence, or any other wrongdoing, and further deny that it or its agents/employees committed any act or omission which was the proximate cause of any alleged harm to the Plaintiff.

## **AFFIRMATIVE DEFENSES**

### I.

Defendant affirmatively states that the Amended Complaint fails to state a claim upon which relief can be granted as to Defendant, and therefore Plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### II.

Defendant denies any allegations of agency/ostensible agency, apparent agency,

vicarious liability, or *respondeat superior* liability.

III.

Defendant denies that it is guilty of any type of professional negligence, constitutional violation, or other wrongdoing, in the care and treatment of Plaintiff. Additionally, Defendant states that all care given to Plaintiff was at all times reasonable and within the applicable standard(s) of care and was not in indifference to Plaintiff's medical condition.

IV.

Defendant affirmatively states that Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies pursuant to the provisions of the Prison Litigation Reform Act.

V.

Defendant affirmatively asserts, in an abundance of caution, that Plaintiff's lawsuit is in violation of the three-strikes provision of 28 U.S.C. § 1915(g).

VI.

Defendant affirmatively asserts the defense of qualified immunity.

VII.

Defendant affirmatively asserts the defense of "good faith" immunity.

VIII.

Defendant affirmatively states that any care and treatment provided to Plaintiff was conducted with the informed consent of all necessary parties.

IX.

Defendant affirmatively states that any damages allegedly suffered by Plaintiff were caused by the voluntary assumption of the risk by Plaintiff.

X.

Defendant affirmatively states that any damages allegedly suffered by Plaintiff were caused or contributed to by Plaintiff's own acts, conduct, or negligence.

XI.

Defendant generally and specifically adopts any and all affirmative defenses available under the United States Constitution, the Oklahoma Constitution, common law, or statutory law.

XII.

Defendant specifically denies that any act or omission by Defendants was the proximate cause of any harm or injury to Plaintiff.

XIII.

Defendant further asserts and reserves the right to file amended answer(s) or other appropriate pleadings to allege any affirmative defense that might be available to them after having a reasonable opportunity to investigate the allegations set forth in Plaintiff's Amended Complaint.

WHEREFORE, having answered, Defendant Turn Key Health Clinics, LLC respectfully requests that this Court dismiss Plaintiff's Amended Complaint, and for any and all other relief to which it may be entitled.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*s/ Alexandra G. Ah Loy*
Alexandra G. Ah Loy, OBA No. 31210
Turn Key Health Clinics, LLC
19 N.E. 50th Street
Oklahoma City, OK 73105
Telephone: (405) 516-0276
Facsimile: (405) 920-3016
E-Mail: allie@turnkeyhealthclinics.com
*Attorney for Defendant Turn Key Health Clinics, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2021, I filed the attached document with the Clerk of Court and served the attached document by first class mail on the following, who is not a registered participant of the ECF System:

Charles Bowlds
#149440
GUTHRIE-LCJ
E-101
216 S. Broad St.
Guthrie, OK 73044
*Pro Se Plaintiff*

*s/ Alexandra G. Ah Loy*