**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLES R. BOWLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-726-SLP |
| | ) | |
| (1) TURN KEY HEALTH; | ) | |
| (2) DAMON DEVEREAUX; | ) | |
| (3) RANDY LESTER; and | ) | |
| (4) ANDREW LINDSEY, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS' JOINT MOTION TO ENFORCE SETTLEMENT OR,
ALTERNATIVELY, MOTION FOR RULING ON APPLICABILITY OF 57 O.S. §
566.1**

---

Defendants Turn Key Health Clinics, LLC, Damon Devereaux, Randy Lester, and
Andrew Lindsey (collectively "Defendants") bring this Motion to Enforce Settlement, and
Alternatively, their Motion for Ruling on Applicability of 57 O.S. § 566.1. Plaintiff agrees
a settlement was reached with mutual agreement of the parties. However, when Defendants
forwarded a settlement agreement to Plaintiff for his signature, Plaintiff refused to perform
his end of the settlement agreement. Plaintiff's sole basis for refusing to proceed with his
end of the settlement agreement is due to the statutory procedural requirements for payment
of settlement proceeds to inmates under 57 O.S. § 566.1.

In support of their Joint Motion, Defendants respectfully submit to the Court as
follows:

1.     Plaintiff Charles Bowlds filed an Amended Pro Se Petitioner Civil Rights

Complaint pursuant to 42 U.S.C. § 1983 against Defendants on December 17, 2019, for pain and suffering arising from Defendants' alleged refusal to offer dental care to Plaintiff. Plaintiff sought relief in the form of monetary damages.

2.     The parties engaged in telephonic settlement discussions, whereupon the parties entered into a settlement agreement.

3.     More specifically, the parties agreed that Defendant Turn Key Health Clinics, LLC would pay Plaintiff the sum of ██████████████████ ($███████)[1] in satisfaction and release of all of Plaintiff's claims against all Defendants and in exchange for full confidentiality.

4.     Plaintiff is and was at the time of the time of settlement an inmate in James Crabtree Correctional Center in Helena, Oklahoma. (*See* CIV-19-726-SLP, Doc. 92.)

5.     Upon Plaintiff's verbal acceptance of the settlement offer, Plaintiff requested defense counsel to mail the settlement draft to his sister's home address, which the check made out in Plaintiff's name.

6.     During the aforementioned phone call, and in response to Plaintiff's request that the settlement check be mailed to his sister's address, counsel for Defendant Turn Key Health Clinics advised Plaintiff that although his requested delivery of the settlement check was not anticipated to be an issue, the defense must first conduct legal research to determine whether the parties were subject to the statutory requirements for paying settlement funds

---

[1] Because confidentiality is a condition of the settlement, the settlement amount is redacted in this publicly filed pleading. Defendants have provided the Judge and Plaintiff an unredacted copy of this pleading as well.

to inmates through DOC. Specifically, counsel for Turn Key notified Plaintiff that a state statute exists which, if applicable to Defendants, would require the settlement funds to be paid according to the procedure set forth in the statute.

7.      Plaintiff voiced no objection upon counsel's explanation of this process. He voiced no conditions to accepting the settlement offer, nor did he state at any point in time when the settlement agreement was reached that applicability of the subject statute would be a bar to settlement.

8.      On the contrary, Plaintiff accepted the terms of the settlement offer, resulting in a meeting of the minds, and the question of whether the check could be mailed to his sister's address was subsequent to the agreement.

9.      Pursuant to the parties' agreement and 57 O.S. § 566.1—the statute defense counsel believes is applicable to this settlement—counsel for Turn Key mailed a letter to Plaintiff on March 18, 2022, advising him that the settlement check would be processed through the DOC and not mailed to Plaintiff's sister's address. With the letter, counsel enclosed the Settlement Agreement and Release document for Plaintiff to execute, which memorialized the parties' verbal settlement agreement. Counsel also enclosed a copy of the relevant statute, 57 O.S. § 566.1, for Plaintiff to review in detail. (*See* March 18, 2022 letter to Plaintiff, attached as Exhibit 1).

10.      Instead of signing and returning the Settlement Agreement and Release document to defense counsel, Plaintiff filed a "Motion to Show Cause" with this Court on April 6, 2022, indicating that he did not plan to uphold his end of the parties' settlement agreement. (*See* ECF Doc. 109.). This was defense counsel's first indication that Plaintiff

had reneged on his settlement agreement with Defendants.

11.    Plaintiff did not claim fraud, duress, undue influence, or mistake as the basis for not upholding his end of the settlement agreement. Rather, he is not pleased with the statutory allocation of settlement funds and wants out of the settlement for that reason. *Id.*

Defendants now request that this Court enforce the parties' verbal settlement agreement and enter a Dismissal with Prejudice of this matter.

Alternatively, if there is any question as to the applicability of 57 O.S. § 566.1 on the settlement funds issued by these defendants, Defendants request a ruling as to the statute's applicability by this Court, or for the Magistrate Judge to schedule an informal settlement conference call with all parties to address these settlement issues.

## I.    Argument and Authority

### A. This Court should enforce the settlement agreement between the parties.

"Because settlement agreements are contracts, '[i]ssues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law.'" *Walters v. WalMart Stores, Inc.,* 703 F.3d 1167, 1172 (10th Cir. 2013) (internal citation omitted). A settlement agreement is a contract. *Rader v. Farmers Insurance Co., Inc.,* 1997 OK 16, 934 P.2d 332, 334. "A party generally may not repudiate a settlement agreement absent fraud, duress, undue influence, or mistake." *Walters,* 703 F.3d at 1172, citing *Whitehorse v. Johnson,* 156 P.3d 41, 46 (Okla. 2007). The law and public policy favor settlements and compromises entered into fairly and in good faith between competent persons, as a discouragement to litigation, and such agreements are generally enforced. *Whitehorse,* 156 P.3d at 46.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Charles Mach. Works, Inc. v. Van Buren Equip., Inc.,* CIV-06-0955-HE, 2007 WL 9711401 (W.D. Okla. Sept. 14, 2007) (citing *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir. 1993)). Motions to Enforce Settlement Agreements have been enforced in 42 U.S.C. § 1983 cases, absent any reasons that a valid contract had not been entered into by the parties. *See* e.g., *Gastile v. Virga,* 670 Fed. Appx. 526 (9th Cir. 2016); *Knapick v. Hanley,* 8 Fed. Appx. 306 (6th Cir. 2001).

Additionally, 57 O.S. § 566.1(C) provides that any inmate who successfully obtains a settlement shall notify the defendant that any settlement shall be deposited with the DOC. The statute states that the DOC shall have the first right of subrogation to any such award or settlement:

> C. Any inmate...who successfully obtains...settlement agreement, against any party shall notify the Department of Corrections or appropriate political subdivision of the award and shall make the same distribution of the award as is provided in subsection A of this section. It shall be the duty...of the inmate, if acting pro se, to notify the defendant that any settlement shall be deposited with the Department [of Corrections] or political subdivision for disbursement in accordance with this section. In addition, the state, the Department of Corrections, any other state agency, or any political subdivision of the state shall have the first right of subrogation to any such award or settlement for costs of services incurred by the state, state agency, or political subdivision in relation to such claim, for service provided to the inmate at the request of the inmate, and for all costs of incarceration, before any part of the award is placed in the trust account of the inmate.

57 O.S. § 566.1(C).

Here, Plaintiff verbally agreed to Defendants' payment of ███████████ ($██████) in satisfaction and release of all claims Plaintiff asserted against Defendants. After agreeing to the terms of the settlement, Plaintiff asked if the settlement amount he

verbally accepted could be mailed to his sister's house; *i.e.*, Plaintiff first accepted the settlement amount and then, for logistical purposes, asked if the check could be mailed to his sister's address. How the settlement proceeds would be delivered to Plaintiff was not a condition prerequisite to Plaintiff's acceptance. Plaintiff has not claimed fraud, duress, undue influence, or mistake as a means for repudiating the agreement. He is simply displeased by the DOC's statutory right to subrogation. The settlement is therefore enforceable. Thus, Defendants request that the Court issue an Order enforcing the parties' settlement agreement.

**B. Alternatively, Defendants seek a ruling as to the applicability of 57 O.S. § 566.1 to the settlement proceeds in this case.**

Alternatively, if there is any question as to the applicability of 57 O.S. § 566.1, Defendants move this Court that a ruling be made on the applicability of the statute to the present facts. The statute provides that, "**[a]ny inmate** as defined in paragraph 2 of subsection B of Section 566 of this title **who successfully obtains a** final court order or **settlement agreement awarding damages for any cause of action in any federal** or state **proceedings against** the state, **a state agency, the Department or any political subdivision**, or any employee thereof shall pay or satisfy from the award:

1. Any previous assessments of court costs or fines involving the criminal convictions of the offender;
2. Victims compensation assessments;
3. Restitution awards;
4. Probation or parole fees;
5. Child support or alimony;
6. Civil judgments; and
7. Any deficiencies of debts not paid of which the state or the Department of Corrections has notice by judgment, lien, garnishment, or other appropriate process."

57 O.S. § 566.1(A) (emphasis added).

Section 556 defines "inmate" or "inmate in a penal institution" as including, but not limited to, "a person presently or formerly in the custody or under the supervision of the Department of Corrections or the Federal Bureau of Prisons, a person who has been convicted of a crime and is incarcerated for that crime in a county jail, a person who is being held in custody for trial or sentencing, or a person on probation or parole." 57 O.S. § 566(B)(2). The entire settlement amount will be paid by Defendant Turn Key Health Clinics and not by the County Defendants. Defendant therefore seeks a ruling from this Court as to the applicability of 57 O.S. § 566(B)(2). Again in the alternative, Defendant moves this Court for an Order setting this matter for an informal settlement conference with the Magistrate Judge by telephone to address these settlement issues with all parties.

WHEREFORE, Defendants respectfully request that the Court enforce the parties' settlement agreement by ordering Plaintiff to execute the Settlement Agreement and Release and Defendants to issue to settlement draft to the DOC for Plaintiff's benefit. Alternatively, Defendants ask this Court to determine the applicability of 57 O.S. § 566.1 and enter an Order delineating the Court's findings; or, also in the alternative, to set this matter for an informal settlement conference with the Magistrate Judge to discuss these settlement issues with all parties.

Respectfully submitted,


*s/ Alexandra G. Ah Loy*

Alexandra G. Ah Loy, OBA No. 31210
SWEET LAW FIRM
24 West Park Place
Oklahoma City, OK 73103
Office: (405) 601-9400
Fax: (405) 601-9444
E-mail: allie@sweetlawfirm.com

     *Attorney for Defendant Turn Key*
     *Health Clinics, LLC*


*s/ Wellon B. Poe*

Wellon B. Poe, OBA No. 12440
W.R. Moon Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:      (405) 524-2070
Facsimile:      (405) 524-2078
E-mail:      wbp@czwlaw.com
         wrm@czwlaw.com

     *Attorneys for Defendants Devereaux,*
     *Lester, and Lindsey*

8

## <u>CERTIFICATE OF ELECTRONIC FILING</u>

I hereby certify that on the 4th day of May 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF parties of record, and by mailing a First Class Post-Prepaid copy of the same to the following party of record:

Charles Bowlds #22228
HELENA-JCCC
216 N. Murray St. 4E
Helena, OK 73741-9606
*Pro Se Plaintiff*

<u>*Alexandra G. Ah Loy*</u>